UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 10-18-HRW

VERNON LEWIS,                                                      PLAINTIFF,


v.                    **MEMORANDUM OPINION AND ORDER**


MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                   DEFENDANT.


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on December 31, 2007, alleging disability beginning on March 15, 2007, due to trouble walking, standing and sitting for

long period due to pain, trouble concentrating and with memory due to nervousness, problems getting through acts of daily living because of an inability to function without pain and stress (Tr. 121). This application was denied initially on April 21, 2008and on reconsideration on May 13, 2008.

On May 27, 2008, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Leah Salyers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him

from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On October 15, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 17-23).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19).

The ALJ then determined, at Step 2, that although Plaintiff suffers from irritable bowel syndrome, gastrointestinal reflux diseases, generalized anxiety disorder and undifferentiated somatoform disorder, these impairments, alone or in combination have not limited his ability to do basic work activities for 12 consecutive months. Therefore, they are "severe" within the meaning of the Regulations (Tr. 19-23).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 2 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 22, 2010 (Tr.

1-3).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273

(6th Cir.1997).

Plaintiff's only argument on appeal is that the ALJ did not properly consider the opinion of Timothy Carnaby, Ph.D. Carnaby consultatively evaluated Plaintiff on February 10, 2009 and suggested limitations beyond those determined by the ALJ (Tr. 347-350).

An opinion from a non-treating source is not entitled to special deference. *Barker v. Shalala,* 40 F.3d 789, 794 (6th Cir. 1994). Moreover, a statement as to what a claimant can or cannot do, even if made by a physician, is not dispositive. It is the responsibility of the ALJ to assess the RFC. In doing so, the ALJ is charged with the review of all credible evidence in the record. 20 C.F.R. §§ 404.1513(b), 404.1527(e), 404.1545. *See also King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

In this case, it is clear from the hearing decision that the ALJ considered all the medical evidence in the record, including the report of Doctor Carnaby. The ALJ noted that Carnaby's report was not only inconsistent with the other opinions in the record but at odds with Carnaby's own notes accompanying the evaluation. Given the lack of supporting evidence, the Court finds no error in the ALJ's consideration, and ultimate rejection, of the opinion of Doctor Carnaby.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___ day of November, 2010.

_____
Henry R. Wilhoit, Jr., Senior Judge